UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jessica C., | File No. 26-cv-85 (ECT/LIB) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Department of Homeland Security; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Immigration and Customs Enforcement; Daren K. Margolin, *Director for Executive Office for Immigration Review*; Executive Office for Immigration Review; Peter Berg, *Director, Fort Snelling Field Office Immigration and Customs Enforcement*; and Joel Brott, *Sheriff of Sherburne County*, | |
| Respondents. | |

Maria Miller, Martin Law, Bloomington, MN, for Petitioner Jessica C.

Ana H. Voss and Justin Merak Page, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Department of Homeland Security, Todd M. Lyons, Immigration and Customs Enforcement, Daren K. Margolin, Executive Office for Immigration Review, and Peter Berg.

Petitioner Jessica C. is an El Salvadoran citizen who has lived in the United States without authorization since September 2014, when she entered the country without inspection. See Pet. [ECF No. 1] ¶¶ 14, 32–33. Jessica did not have contact with

immigration authorities upon entering the United States. *Id.* ¶ 34. The Petition alleges, on information and belief, that "the Department of Homeland Security initiated removal proceedings [against] [Jessica] by filing a Notice to Appear with the Immigration Court on an unknown date in the past." *Id.* ¶ 35. On April 30, 2024, the immigration court dismissed Jessica's removal proceedings "in an exercise of prosecutorial discretion." *Id.* Jessica was taken into custody on January 4, 2026. *Id.* ¶ 36. She is currently in custody at the Immigration and Customs Enforcement ("ICE") detention facility in Elk River, Minnesota. *Id.* ¶¶ 13–14. According to the Petition, "Respondents maintain that Jessica is not eligible to seek a bond redetermination hearing consistent with § 1226" and that she instead "is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)."[1] Pet. ¶¶ 37–38.

Jessica challenges her detention under 28 U.S.C. § 2241. Pet. ¶ 7. She claims she has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226 detainee (whose detention is discretionary and who is entitled to a bond hearing). *Id.* ¶¶ 39–67, 79–86; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Jessica, that misclassification and denial of a bond hearing violate her right to due process under the Fifth Amendment, 8 U.S.C. §§ 1225(b)(2) and 1226(a), the Administrative Procedures Act, and § 1226's implementing regulations. *See* Pet. ¶¶ 79–98. She seeks a declaration that her detention is unlawful under the Fifth Amendment's Due Process Clause; issuance of a

---

[1]   Neither party provided the Court with Jessica's Notice to Appear or the other paperwork we've usually received in these cases. In this case, it doesn't matter. In their very brief response to Jessica's habeas petition, Respondents did not contest any of the facts alleged in the Petition. *See* ECF No. 5.

2

writ of habeas corpus ordering Respondents to set a bond hearing for her pursuant to 8 U.S.C. § 1226(a) or the Due Process Clause; an order finding Respondents' decision violates the Administrative Procedures Act; an order enjoining her removal or transfer out of the District of Minnesota during the pendency of this case; and an award of attorneys' fees and costs.  Pet. at 30–31.

Respondents[2] argue that the petition fails on the merits as a matter of statutory interpretation.[3]  *See* ECF No. 5 (incorporating "all arguments raised by the government in *Avila v. Bondi*, No. 25-cv-3248 (8th Cir. Docketed Nov. 10, 2025)").  Courts in this District have repeatedly considered and rejected Respondents' arguments, and they will be rejected here as well.

Jessica has shown she has been misclassified under § 1225(b)(2) rather than § 1226.  As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country."  8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*,

---

[2]   When used in this Order, "Respondents" refers to the federal officials named as Respondents.  Respondent Joel Brott, the Sherburne County Sheriff, has not appeared or otherwise participated in these proceedings.  *See* Dkt.

[3]   Respondents do not specifically challenge this Court's subject-matter jurisdiction to consider Jessica's petition.  *See* ECF No. 5.  Nonetheless, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

--- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of this writing, only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025). Jessica has lived in the United States for more than eleven years. Her detention falls under § 1226 and not § 1225(b)(2).

For these reasons, Jessica is subject to discretionary detention and entitled to a bond hearing.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Jessica C.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2. Respondents are **ENJOINED** from denying Petitioner a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to Petitioner, and Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a)(2)(A).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 15, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court